**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0379-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILVER A. DIAZ-GARCIA,

    Defendant-Appellant.

_____

> Argued October 23, 2023 – Decided November 9, 2023
>
> Before Judges Sabatino and Marczyk.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 21-05-0393.
>
> Lucas B. Slevin, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Lucas B. Slevin, of counsel and on the briefs).
>
> Patrick R. McAvaddy, Assistant Prosecutor, argued the cause for respondent (Esther Suarez, Hudson County Prosecutor, attorney; Patrick R. McAvaddy, Assistant Prosecutor, on the briefs).

PER CURIAM

Defendant Wilver A. Diaz-Garcia appeals the trial court's February 16, 2022 written decision denying his motion to suppress a gun that police seized from his pants leg in the course of a warrantless pat-down of his person after a motor vehicle stop. We affirm.

The record developed at the suppression hearing reflects the following facts. On September 2, 2020, two Bayonne police officers pulled over a Honda Civic at about 2:30 a.m., after observing that the car had a broken headlight, a missing front bumper, and a missing side mirror. Defendant does not dispute this was a valid motor vehicle stop.

There were three occupants in the Honda. Defendant was a rear-seat passenger. As the police approached the car, they detected the smell of raw marijuana emanating from the vehicle. Under then-applicable law,[1] the odor

---

[1] The search at issue predates the 2021 passage of the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA), N.J.S.A. 24:61-31 to -56, which added a new section in the Criminal Code stating that neither "the odor of cannabis or burnt cannabis," nor the "possession of marijuana or hashish without evidence of quantity in excess of any amount that would exceed the amount . . . which may be lawfully possessed," "shall, individually or collectively, constitute reasonable articulable suspicion of a crime" except on school property or at a correctional facility. N.J.S.A. 2C:35-10(a), (c). "[G]oing forward [after CREAMMA], we anticipate that cases involving the automobile exception and probable cause to search a vehicle based

provided the police with grounds to search the passenger compartment of the car.  State v. Cohen, 254 N.J. 308 (2023).

Before entering the car, both officers observed defendant fidgeting and pulling his pants, which were unzipped and not buckled.  One officer asked the driver to produce his license and registration, which the driver provided.  The officer explained the police were going to search the car for controlled dangerous substances ("CDS").

The police ordered the occupants of the car, including defendant, to get out of the vehicle so the police could safely search the car interior.  Nothing was found inside the passenger compartment.  As one of the officers escorted defendant out of the car, the officer noticed defendant "tense up" and grab at his left pants pocket.  The officer placed defendant in handcuffs for what he described in his testimony as "officer safety reason[s]."

The officer then proceeded to search defendant's pockets.  He found in them eight Xanax pills and a keychain containing three Ecstasy pills.  The officer then performed a pat-down of defendant's legs and discovered a handgun in the left pants leg.  The officer confiscated the drugs and the handgun.

_____

solely on the smell of marijuana will likely be few and far between."  Cohen, 254 N.J. at 328.

A-0379-22

Defendant was charged with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1), fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d), and third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1).

Defendant moved to suppress the CDS and the handgun seized from his person. He argued that, under the circumstances, the police were required to obtain a warrant in order to search him.

The State presented testimony from both officers at the suppression hearing, in which they described their actions at the scene and their reasons for conducting the search. Defendant did not testify or present any witnesses. The trial court expressly found both officers credible.

After considering the evidence and the parties' legal arguments, the trial court issued a seven-page written decision denying defendant's motion. The court examined each phase of the incident, finding that the police had acted appropriately in stopping the vehicle, removing the occupants, and in patting down defendant. The court specifically found that "under the totality of the circumstances, the [d]etectives had sufficient reasonable and articulable suspicion to justify the pat[-]down resulting in the recovery of pills and a handgun from [d]efendant's person."

4

Plea negotiations followed. Defendant entered into a guilty plea to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). Notably, the State dismissed the CDS count and the defaced firearms charge. Consistent with the plea agreement, the court sentenced defendant to a five-year custodial sentence with forty-two months of parole ineligibility. The remaining counts of the indictment were dismissed.

Defendant now appeals the suppression ruling, in accordance with Rule 3:5-7. He argues in his brief:

> THE TRIAL COURT ERRED IN DENYING THE SUPPRESSION MOTION BECAUSE NO PROBABLE CAUSE EXISTED TO CONDUCT A SEARCH OF THE INTERIOR OF THE CAR OR DEFENDANT'S PERSON, AND NO REASONABLE, ARTICULABLE SUSPICION EXISTED TO BELIEVE THAT DEFENDANT WAS ARMED AND DANGEROUS TO CONDUCT A FRISK.
>
> > A. The police lacked probable cause to conduct a warrantless search of the vehicle pursuant to the automobile exception because the lingering odor of marijuana gave the officer's no basis to believe that there was marijuana in the car at the time that the search was conducted.
> >
> > B. Even if the odor of marijuana gave rise to probable cause to search the car, the officers lacked probable cause to handcuff and conduct a full search of the back seat passenger.

5

C. There was no reasonable, articulable suspicion that Defendant was armed and dangerous to support a frisk of Defendant's clothing.

The State argues these contentions lack merit, and that the officers' actions were justified by case law governing warrantless searches and seizures. In addition, although the State did not argue this point below, it contends the confiscation of the handgun was permissible under the doctrine of inevitable discovery.

In reviewing the trial court's suppression decision, we are guided by well settled principles. "When reviewing a trial court's decision to grant or deny a suppression motion, appellate courts 'must defer to the factual findings of the trial court so long as those findings are supported by sufficient evidence in the record.'" State v. Dunbar, 229 N.J. 521, 538 (2017) (quoting State v. Hubbard, 222 N.J. 249, 262 (2015)). Trial courts are owed deference because of their "opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." State v. Ahmad, 246 N.J. 592, 609 (2021) (quoting State v. Elders, 192 N.J. 224, 243 (2007)). However, "a trial court's legal conclusions are reviewed de novo," and factual findings that are "clearly mistaken" must be reversed in the interest of justice. Cohen, 254 N.J. at 319 (quoting State v. Gamble, 218 N.J. 412, 425 (2014)). If the reviewing

A-0379-22

court finds that the officers acted unconstitutionally, the fruits of the search must be suppressed.  State v. Patino, 83 N.J. 1, 14-15 (1980).

As we have already noted, defendant concedes the traffic stop was proper. Turning to the next phase of events, we agree with the trial court that, under pre-CREAMMA law, the police were justified by the odor of marijuana in removing the occupants of the Honda and searching the passenger compartment for illegal drugs.  The Court recently upheld such warrantless action in Cohen, in which the detected odor of marijuana emanating from a car authorized the police to remove the occupants and search the vehicle for the CDS.  254 N.J. at 327-28.

The police were also justified in handcuffing defendant for reasons of officer safety, after observing him fidgeting, tensing up, pulling up his unfastened pants, and grabbing his pants pocket.  The officer had reason to believe defendant could have been reaching for a gun concealed in his pants.  It was late at night at the roadside, and there were two other occupants of the car the police needed to monitor.  Defendant's behavior was more indicative of danger and potentially being armed than the nervous conduct of the defendants noted in State v. Nyema, 249 N.J. 509, 530-31 (citing e.g., State v. Rosario, 229 N.J. 263, 277 (2017); State v. Lund, 119 N.J. 35, 47 (1990)).

7

We need not say much about the officer's next action in seizing the pills from defendant's pocket. As we have noted, the State dismissed the CDS charges against him. Defendant argues the police required probable cause to place their hands into his pockets. See State v. Smith, 155 N.J. 83, 93 (1998) (requiring "a fair probability that contraband or evidence of a crime will be found in a particular place") (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). The State does not dispute that this legal standard applies, and its brief on appeal acknowledges that the pocket search might not have been supportable by probable cause. In any event, the fruits of the pocket search, i.e., the Xanax and Esctasy pills, are no longer of concern because the CDS charges have been dismissed.

We turn our focus to the key phase of the encounter—the officer's pat-down of defendant's pants leg. It is well established under the federal and New Jersey constitutions that the police may stop and frisk a person if they have reasonable suspicion that evidence of criminal activity or a weapon may be found on that person. Terry v. Ohio, 392 U.S. 1, 26-27 (1968); Smith, 155 N.J. at 91-92. This standard of reasonable suspicion is less rigorous than probable cause. Terry, 392 U.S. at 26-27.

A-0379-22

In the course of a permissible <u>Terry</u> stop and frisk, the police are authorized to "conduct a carefully limited search of the outer clothing" of the person. <u>Id.</u> at 30; <u>see also</u> <u>State v. Thomas</u>, 110 N.J. 673, 678 (1988).

We concur with the State the officer had reasonable suspicion to perform a pat-down frisk of his pants leg under the <u>Terry</u> doctrine. The totality of circumstances supported reasonable suspicion for the pat-down. Among other things, the police had observed defendant fidgeting, tensing up, pulling his pants, and reaching toward his left pants leg. In addition, they had detected the odor of marijuana, which would be consistent with finding marijuana or other CDS or a weapon on defendant's person. The pat-down was directed appropriately at defendant's outer clothing.

Defendant argues the improper seizure of the pills from his pocket, which preceded the pat-down of his pants leg, made the pat-down illegal. We reject that argument. The presence or absence of probable cause to search defendant's pockets is a question analytically distinct from whether the police merely had reasonable suspicion to frisk his pants leg. The pat-down was not the fruit of an illegal pocket search. Indeed, the officers at the scene and the State at the suppression hearing did not rely on the discovery of the pills as a basis to justify the pat-down.

We therefore affirm the court's denial of defendant's motion to suppress the seized handgun. Given our analysis, we need not address the State's belated invocation of the doctrine of inevitable discovery, which was not raised below or factually developed at the hearing. State v. Witt, 223 N.J. 409, 419 (2015) (citing State v. Robinson, 200 N.J. 1, 19 (2009) (disfavoring search and seizure arguments on appeal that were not raised below)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0379-22